# IN RE PERLMAN.

PATENTS; PATENTABILITY; NOVELTY.

Although a device for securing a demountable rim to the felly of a wheel, and for securing a rubber tire or shoe to such rim, may possess some novel features, if the claims do not sufficiently limit these features, and are in many respects indefinite, depending upon statement of function, rather than structure, to distinguish from the prior art, they are properly denied.

No. 797.    Patent Appeals.    Submitted November 14, 1912.    Decided December 30, 1912.

HEARING on an appeal from a decision of the Commissioner of Patents, denying an application for a patent.    *Affirmed.*

The facts are stated in the opinion.

*Mr. Edgar M. Kitchin* and *Mr. Melville Church* for the appellant.

*Mr. W. S. Ruckman* for the Commissioner of Patents.

Mr. Chief Justice Shepard delivered the opinion of the Court:

Appeal by Louis H. Perlman from a decision of the Commissioner of Patents, denying an application for a patent for an improvement in wheels.

The application was filed June 29, 1906, with apparently eight claims. These seem to have been reduced to three submitted and not allowed June 3, 1908. Before final submission in the autumn of 1911, these had been expanded to fifty-eight. The Examiner allowed the first four and rejected fifty-four.

The invention relates to a wheel having a demountable rim and provided with a threaded bolt with a conical tip extending through the felly and moving longitudinally into engagement with a conical cavity in the adjacent surface of the demountable rim, the tapered end of the bolt co-operating with the cavity in the rim to wedge and hold the rim in place, and to slightly space the rim from the felly; and also to a means for securing the tire to the demountable rim. It has particular application to the wheels of automobiles.

On appeal to the Examiners in Chief, they affirmed the decision of the Examiner. The Examiners in Chief, however, recognized certain patentable features, but as to these held the claims relating thereto too broad. As a result they gave the form of certain claims, which they recommended for allowance, to the Examiner, subject to his discovery, if such there may be, of any prior art not of record in the case. The first of these claims relate to the felly and demountable rim, and reads as follows:

"The combination with the wheel and its felly, of a laterally demountable rim therefor having a substantially conical recess therein, and a radially movable screw mounted in a fixed portion of the wheel structure, and having a substantially conical tip that is adapted to enter said recess and to act, as a wedge, laterally upon the rim and move it axially of the wheel."

The second and third relate to the clamping operation for

forcing the beads of a shoe against the clinching flanges of the rim, and read as follows:

"The combination of a demountable rim having radially disposed clincher flanges, a tire shoe having beads engaged in said flanges, a wedge-shaped clamping plate bearing against said beads and adapted when moved to force said beads against said flanges, and means accessible from the inside of the rim for drawing the clamping plate radially toward the rim.

"The combination of a sectional demountable rim having radially disposed clincher flanges and overlapping perforated portions, a tire shoe having beads engaging said flanges, a wedge-shaped clamping plate bearing against said beads adapted when moved to force said beads against said flanges, the clamping plate having a threaded stem extending through the perforations in the overlapping portions and a nut for said stem bearing against an inner face of the rim."

In conclusion, one of the Examiners in Chief recommended the following additional claim:

"The combination with a wheel and its felly of a demountable rim therefor, a locking element having a tapering end that is adapted to be moved radially and to thereby act as a wedge laterally and exert pressure against said rim axially of the wheel, and impelling means mounted in the wheel structure for advancing said locking element, the impelling means having such range of movement as to cause the locking element to act radially upon the rim when the rim has reached its normal lateral position upon the felly."

The Commissioner, on appeal, reversed the decision of the Examiners in Chief as to claims 23, 24, and 25, and affirmed it as to the remaining claims.

Many former patents were referred to in the several decisions, as anticipating certain features of the invention.

The Commissioner noted the three claims suggested for recommendation by the Examiners in Chief and concurred in the recommendation. He also recommended the last claim recommended by one of the Examiners in Chief, with certain amendments making it read as follows:

"The combination with a wheel and its felly of a demountable rim therefor, a locking element having a tapering end that is adapted to be moved radially and to thereby act as a wedge laterally and exert pressure against said rim axially of the wheel, said locking element having a threaded engagement with the wheel structure whereby it may be moved radially of the wheel."

These claims, with the four allowed by the Examiner, and the three additional claims allowed by his decision, the Commissioner thought sufficient to adequately protect applicant's invention.

Pending the proceedings, the applicant offered nineteen amended claims, including those recommended, to be substituted for eighteen of his appealed claims. He subsequently filed a petition for rehearing, asking to amend his specifications in certain respects and his drawings, and to cancel all claims except 1, 2, 3, 4, 23, 24, 25, 26, 36, 52, and 53, the object being to appeal only on claims 26, 36, 52 and 53.

The Commissioner denied the petition for rehearing and the leave to amend the claims for the purpose of appeal, holding that such amended claims were not appealable until they had taken the course in the office prescribed by secs. 4909, 4910, and 4911, Rev. Stat. U. S. Comp. Stat. 1901, pp. 3390, 3391 (see *Re Fullagar,* 32 App. D. C. 222); but permitted the amendment of the drawing and specifications. The applicant then appealed from so much of the final decision as denied claims 10, 26, 36, 43, 48, 52, 53, and 54. Those claims read as follows:

"(10) In a wheel, the combination with a wheel body of a demountable rim therefor adapted to be moved into and out of an operative position on the wheel body, and a tapered element connected to the wheel body and having a wedging engagement with one of the first two-mentioned elements and adapted to exert an outward radial pressure on the demountable rim and engaging the rim for retaining the same in its operative position on the wheel body."

"(26) In a wheel, a demountable rim having an inner sur-

face presenting substantially uninterrupted and continuous cir-cular lines, the rim having means of positive engagement with the shoe of a pneumatic tire for preventing outward axial or radial movement of such shoe and means for detachably clamping such shoe to the rim, said clamping means being independent of the shoe, and said clamping means being con-structed and disposed for being accommodated while main-taining the continuity of said circular lines, and said rim being designed to be moved bodily axially into and away from an operative position on a wheel body while engaged by said clamp-ing means and while maintaining a substantially continuous and uninterrupted periphery of the wheel body."

"(36) In a wheel, the combination of a wheel body having spokes, a felly, and a metallic band or rim fixed to the felly, and comprising an unbroken and uninterrupted ring, a de-mountable rim adapted to be moved axially into and away from an operative position on the fixed rim, the demountable rim having substantially radial flanges for positively engaging the marginal beads of the shoe of a pneumatic tire, and means for clamping said beads against said flanges."

"(43) In a wheel, the combination with a wheel body, of a demountable rim therefor adapted to be moved into and out of an operative position on the wheel body, and means of engage-ment between the wheel body and rim adapted to exert radial, outward pressure on the rim and to retain the rim in its opera-tive position on the wheel body, said means of engagement being detachable from and independent of the wheel body and rim."

"(48) In a wheel, the combination with a wheel body, of a demountable rim therefor adapted to be moved into and away from an operative position on the wheel body, and a wedging element disposed for effecting action tending to separate or space the rim from the wheel body, and serving as means of engagement for retaining the rim in operative position on the wheel body."

"(52) In a wheel the combination of a wheel body, a de-mountable rim therefor adapted to be moved into and away

from an operative position on the wheel body, and means of detachable engagement between the wheel body and rim, said means of engagement comprising a threaded pin or bolt and a wedging element retained thereby and adapted to be forced against the rim for exerting pressure thereon tending to space the rim radially from the wheel body."

"(53) In a wheel, the combination of a wheel body, a demountable rim therefor adapted to be moved into and away from an operative position on the wheel body, and an engaging member connected to one of the first mentioned elements and engaging the other for exerting radially outward pressure on the rim and disposed for acting as a detent for the rim.

"(54) In a wheel, the combination with a wheel body, of a demountable rim adapted to be shifted into and away from an operative position on the wheel body, a wedge having a positive connection with the wheel body and extending between material of the wheel body and rim and adapted to be shifted for having variable portions of its bulk interposed between material of the wheel body and rim, and means for retaining the wedge in position for serving as a detent for the rim relative to the wheel body."

The applicant is not a pioneer inventor in this line, and his expansion of his claims to such an enormous number has been justly criticized by the Commissioner as unnecessary and burdensome. In view of the elaborate opinions of the tribunals of the Office analyzing the claims and discussing the features and application of the several references, we shall not consume time with further discussion. All have been considered with the aid of the elaborate argument on behalf of the applicant, but we have not been convinced of error in the decision of the Commissioner. We agree with him that the device of the applicant possesses some novel features, but these are not sufficiently limited in the rejected claims, and that in many respects they are indefinite, depending upon the statement of function, rather than structure, to distinguish from the prior art.

For example, the applicant's conical shaped or tapered screw or bolt end acts as a wedge laterally upon the rim, to bring it into place, while the threaded screw engaging the wheel enables

the rim to be moved radially of the wheel producing the desired slight separation of the two, but this does not entitle him to the broad claim of a "wedging means" that would cover all screw threads which also exert a wedging action.

We concur with the Commissioner that with the claims allowed and those recommended as allowable, the actual invention of the applicant will be adequately protected.

Whether it is still open to him to amend, and adopt the recommended claims in addition to those allowed him, is a matter for the Commissioner's consideration and determination.

The decision will be affirmed and this decision certified to the Commissioner of Patents.                   *Affirmed.*